## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

TIFFANY CORDOVA,

    Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, L.L.C., a Kansas limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Tiffany Cordova is a natural person.

8. The Plaintiff resides in the City of Pueblo, County of Pueblo, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant National Credit Adjusters, L.L.C., is a Kansas limited liability company operating from an address at 327 W. 4th Street, Hutchinson, Kansas, 67501.

12. The Defendant's registered agent in the state of Colorado is National Registered Agents Inc., 1535 Grant Street, Suite 140, Denver, Colorado, 80203.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18. Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a payday loan to Bigskycash.com (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the original creditor.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's Reference Number: 7448173.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s), representative(s) and/or agent(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s), representative(s) and/or agent(s).

26. In 2012 the Defendant alleges that it purchased the Account.

27. In 2012 the Defendant placed the Account for collection from the Plaintiff with International Asset Group, LLC, a collection agency located at 495 Commerce Drive, Amherst, New York, 14228.

28. The Defendant has derivative liability for the actions of its agent - International Asset Group, LLC.

29. The Defendant attempted to collect the Account directly and/or indirectly from the Plaintiff via its agent - International Asset Group, LLC.

30. In 2012 the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including International Asset Group, LLC made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

31. In 2012 the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including International Asset Group, LLC in response to the telephone call(s) and voicemail message(s).

32. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

33. The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

34. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

35. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including International Asset Group, LLC made telephone call(s) to the Plaintiff was to attempt to collect the Account.

37. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including International Asset Group, LLC had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

38. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including International Asset Group, LLC received telephone call(s) from the Plaintiff was to attempt to collect the Account.

39. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including International Asset Group, LLC left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

40. In 2012 the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including International Asset Group, LLC while attempting to collect the Account represented to the Plaintiff that a lawsuit had been filed against her on the Account, she would be served with Court papers on the Account, that they were transferring the case to the Plaintiff's county and that she would be arrested and put in jail if she did not pay the Account.

41. The Defendant's representations stated in paragraph 40 were false and were false representations in connection with the collection of a debt, the Account.

42. During the communication(s) the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including International Asset Group, LLC while attempting to collect the Account represented to the Plaintiff that she had a lawsuit pending against her on the Account, that they were taking her to Court on the Account, that they were taking a judgment against her on the Account and that they would garnish her wages on the Account.

43. The Defendant's representations stated in paragraph 42 were false and were false representations in connection with the collection of a debt, the Account.

44. During the communication(s) the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including International Asset Group, LLC while attempting to collect the Account represented to the Plaintiff that their attorney's fees and Court costs would be added to the balance owed on the Account and that she could not dispute the Account.

5

45. The Defendant's representations stated in paragraph 44 were false and were false representations in connection with the collection of a debt, the Account.

46. During the communication(s) the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including International Asset Group, LLC while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that the Account would be reported to the credit bureaus until it is paid.

47. The Defendant's representations stated in paragraph 46 were false and were false representations in connection with the collection of a debt, the Account.

48. Upon information and belief the Defendant and/or its agent International Asset Group, LLC kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in 2012.

49. Upon information and belief the Defendant and/or its agent International Asset Group, LLC kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in 2012.

50. Upon information and belief the Defendant and/or its agent International Asset Group, LLC made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in 2012.

51. Upon information and belief the Defendant and/or its agent International Asset Group, LLC made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in 2012.

52. Upon information and belief the Defendant and/or its agent International Asset Group, LLC has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in 2012.

53. Upon information and belief the Defendant and/or its agent International Asset Group, LLC has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in 2012.

54. Upon information and belief the Defendant and/or its agent International Asset Group, LLC's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in 2012 substantiate the Plaintiff's allegations in this action.

55. The Defendant and its representative(s), employee(s) and / or agent(s) including International Asset Group, LLC's action(s) constitute harassment or abuse and violate FDCPA 1692d preface and d(2).

56. The Defendant and its representative(s), employee(s) and / or agent(s) including International Asset Group, LLC's statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(7), e(8) and e(10).

57. The Defendant and its representative(s), employee(s) and / or agent(s) including International Asset Group, LLC's statement(s) and action(s) constitute unfair or

unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

58. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

59. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

60. As a consequence of the Defendant's and its agent International Asset Group, LLC's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

61. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

62. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

63. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

64. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

65. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

66. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

67. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

68. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

69. International Asset Group, LLC was an agent of the Defendant at all times mentioned herein.

70. International Asset Group, LLC was acting within the course of its employment with the Defendant at all times mentioned herein.

71. International Asset Group, LLC was acting within the scope of its employment with the Defendant at all times mentioned herein.

72. International Asset Group, LLC was under the direct supervision of the Defendant at all times mentioned herein.

73. International Asset Group, LLC was under the direct control of the Defendant at all times mentioned herein.

74. The actions of International Asset Group, LLC are imputed to its employer, the Defendant.

75. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

76. The previous paragraphs are incorporated into this Count as if set forth in full.

77. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692d preface, d(2), § 1692e preface, e(2)(A), e(4), e(5), e(7), e(8), e(10), § 1692f preface and f(1).

78. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.
2. Damages pursuant to 15 U.S.C. § 1692k(a).
3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff